1  Russell Robinson, SBN: 163937
   Law Office of Russell A. Robinson
2  345 Grove Street, First Floor
   San Francisco CA 94102
3  Telephone:   415.861.4416
   Facsimile:    415.431.4526
4  rlaw345@gmail.com

5  Counsel for Plaintiffs
   **LESLIE ANNE HALL, minor PARKER HALL,**
6  **minor RILEY HALL, and CODY HALL**

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 LESLIE ANNE HALL, minor PARKER HALL,   ) No.
   minor RILEY HALL, and CODY HALL,       )
12                                         ) **COMPLAINT FOR DAMAGES AND FOR**
                  Plaintiffs,              ) **INJUNCTIVE RELIEF**
13                                         ) **[Jury Trial Demanded]**
   v.                                      )
14                                         )
   CITY OF PLEASANTON, CHIEF OF POLICE     )
15 DAVE SPILLER, SGT. MARK REIMER,         )
   OFFICER RYAN TAJAGUE (#245), DET.       )
16 WILSON (#201), OFFICER STEVE AYERS      )
   (#262), and, DOES 1-50,                 )
17                                         )
                  Defendants.              )
18 _____ )

19                    **JURISDICTION AND VENUE**

20    1.    This action arises under 42 USC §§ 1983, 1985, and 1986.  Jurisdiction is based

21 on 28 USC §§1331 and 1343.

22    2.    The claims alleged below arose in and around the City of Pleasanton, State of

23 California.  Therefore, venue and assignment are proper in the United States District Court for

24 the Northern District of California, San Francisco Division, under 28 USC §1391(b)(2).

25                                **PARTIES**

26    3.    Plaintiff LESLIE ANNE HALL is an adult, female resident of the City of

27 Pleasanton, and a citizen of the United States of America.  Plaintiffs PARKER HALL and RILEY

28 HALL, minors, reside with their mother and Guardian Ad Litem, Leslie Anne Hall, and are

1  citizens of the United States.  Plaintiff CODY HALL was, at most times relevant to this action, a
2  resident of the City of Pleasanton.
3       4.       Plaintiffs are informed and believe that Defendant CITY OF PLEASANTON is
4  and has been, a municipal corporation organized and existing under the laws of the State of
5  California.  One of Defendant Pleasanton's divisions is the Pleasanton Police Department.
6       5.       Defendant DAVE SPILLER is, at all relevant times has been, the Chief of Police
7  for the City of Pleasanton.  Defendant Spiller is sued in his individual and official capacities.  At
8  all relevant times, Plaintiff is informed and believes that Defendant Spiller has been the official
9  policy-maker for Pleasanton on matters related to customs, practices, and policies of the
10 Pleasanton Police Department (PPD), including but not limited to hiring, training, supervision,
11 and discipline of officers under his command, and with respect to the management and
12 supervision of the PPD.
13       6.       Defendant SGT. MARK REIMER, sued individually and in his official capacity,
14 was present at relevant times during the events described below, and knew or should have
15 known that the actions by persons under his supervision were unlawful.  OFFICER RYAN
16 TAJAGUE (#245), also sued individually and in official capacity, was the employee of the PPD
17 who obtained the unlawful warrant and admitted on July 2, 2013, to executing that warrant on
18 June 20, 2013.  Defendants DET. WILSON (#201) and OFFICER STEVE AYERS, (#262), also
19 sued individually and in official capacity, were present during the search and participated in
20 seizing evidence that was unrelated to the crimes of which Cody Hall was accused.  They knew,
21 or should have known, that the scope of the search as well as the warrant were in fact unlawful.
22       7.       Plaintiffs are informed and believe that at all relevant times Defendants DOES 1-
23 50 have been officers with the PPD.  Each is sued in individual and official capacities.
24       8.       Plaintiffs are ignorant of the identities of Defendants DOES 1 though 50, and
25 therefore sue such defendants as fictitiously named persons/entities, whose true identities and
26 roles in the events which are the subject matter of this complaint, are presently unknown to
27 Plaintiffs.  Plaintiffs will amend this complaint to identify fictitiously named Defendants and to
28 set forth facts relating to each when same become known to Plaintiffs.  Plaintiffs are informed

1  and believe and thereon allege that each DOE Defendant is legally responsible for events
2  alleged herein which caused injury and damage to Plaintiffs.

3       9.     In doing the acts or omissions alleged, the defendants and each of them were
4  acting in the course and scope of their employment with the City of Pleasanton.

5       10.     In doing the acts or omissions alleged, the defendants acted under color of
6  authority and/or under color of law.

7       11.     In doing the acts or omissions alleged, each of the defendants acted as the
8  agent, servant, employee, and/or in concert with each of the other Defendants herein.

9  **FACTS**

10       12.     Plaintiffs are informed and believe that Defendants named in paragraphs 6
11  through 11 above, individually or acting in concert, engaged in repeated acts of harassment,
12  police misconduct, and constitutionally-destructive conduct against persons residing in or
13  traveling to or visiting the City of Pleasanton.  These repeated acts, part of a pattern and
14  practice, did in fact lead to the constitutional deprivations complained of herein.

15       13.     Plaintiffs are informed and believe that said civil rights violations and or other
16  acts of misconduct included false arrests, false warrants, unreasonable searches and seizures,
17  intimidation, falsifying reports, planting of evidence, denial of due process and equal protection
18  of laws, conspiracy to violate civil rights, and/or other misconduct.

19       14.     As a result, Plaintiffs and others like them were subjected to unequal treatment,
20  civil rights violations, and other misconduct by Defendants named herein.

21       15.     Plaintiffs are informed and believe that Defendant Spiller and other high-ranking
22  members of the PPD repeatedly failed to take remedial or corrective action despite the
23  pervasive and ongoing malfeasance within the PPD.

24       16.     Plaintiffs are informed and believe that as a matter of official policy – rooted in an
25  entrenched posture of deliberate indifference to the constitutional rights of ordinary citizens –
26  defendant Pleasanton has long allowed Plaintiffs and others similarly situated to be abused by
27  officers of the PPD, including but not limited to those defendants named above.
28  / / /

*Hall, et al., v. Pleasanton, et al.*
COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF     - 3 -
P001COMP

1    17.    Plaintiffs are informed and believe that the culture of tolerance which existed and
2 may still exist at the PPD is rooted in the deliberate indifference of high-ranking City officials,
3 including SPILLER and DOES 1-50, inclusive, and/or other persons within the PPD's hierarchy.
4 Plaintiffs are informed and believe that as a result of the above facts, they suffered the violation
5 of constitutional rights because of the customs, practices, policies, and patterns within the PPD,
6 including but not limited to a deliberate indifference in hiring, training, supervision, and discipline
7 of the PPD and the defendants named above.

8    18.    Plaintiffs are informed and believe that despite notice of repeated constitutional
9 violations being perpetrated by employees of the PPD, Defendants Spiller, Does 1–50, and
10 each of them failed to take appropriate action.

11    19.    Plaintiffs are informed and believe that as a direct, legal, and proximate result of
12 the acts and omissions alleged above, Plaintiffs suffered the loss of their constitutional rights
13 and suffered grievous injuries. The losses and injuries were caused, in part, by unconstitutional
14 yet official, *de facto* customs, policies, practices, and patterns, which were the moving force
15 behind causing Plaintiffs' injuries.  These policies included but were not limited to the so-called
16 "Code of Silence," failure to take remedial actions, tacit or express ratification (condoning) of
17 the unlawful acts, and similar conduct by Spiller, Reimer, Tajague, Does 1-50, and each of
18 them.  Plaintiffs are informed and believe that unlawful conduct was condoned, encouraged,
19 approved, and/or ratified by Defendants Spiller, Reimer, Does 1-50, and each of them.

20    20.    Plaintiffs are informed and believe that as a result of the above facts, they
21 suffered the violation of constitutional rights and were injured.

22                                **SPECIFIC FACTS**

23    21.    On June 9, 2013, Cody Hall was involved in a fatal motor vehicle collision.
24    22.    Allegations against Cody included that he was texting while driving, and that his
25 distraction was a cause of the collision.
26    23.    On information and belief, Defendants named herein obtained a warrant under
27 false pretenses and stormed the Hall residence of June 20, 1993, on Echo Court in Pleasanton.
28    24.    After searching Cody, who was home that day, and all of the areas to which

1  Cody had access, Defendants exceeded the permissible scope of the warrant and notions of
2  fairness and probable cause, and eventually forced open a safe in the homes garage.
3  Defendants admitted at the time they searched the home, and thereafter, that the safe was not
4  something to which Cody had access; in fact, they admitted at the time that they knew the safe
5  belonged to Cody's father, Aaron Hall.  In fact, one or more of the PPD employees recognized
6  that the safe was not within the area to be searched yet failed to interene.

7       25.     Before they forced open the safe, Defendants allowed Cody to leave the family
8  home, again admitting that nothing they found prior to that point linked to Cody.  Nothing in the
9  safe was linked to Cody and Defendant Reimer publicly announced that the things taken on
10 June 20, 2013, from the Hall family home were not linked to Cody Hall.

11      26.     Plaintiffs are informed and believe that Defendant Tajague had unlawfully
12 obtained a warrant through false pretenses, false statements, or material omissions.  On about
13 June 20, 2013, Defendants unlawfully searched the Hall family home as alleged above.

14      27.     Among items unlawfully seized by the defendants on June 20, 2013, were video,
15 irreplaceable family photos, home security systems, and related electronic items and data.
16 Despite claiming in his warrant affidavit that property seized that was not used for any criminal
17 prosecution would be promptly returned, Tajague failed to return any of the subject property;
18 Plaintiffs were thus forced to file a motion through Aaron Hall with the Alameda County Superior
19 Court on January 23, 2015, which was granted over opposition from the City of Pleasanton.

20 **CAUSES OF ACTION**
21 42 USC §§1983, 1985-1986
22 (Against Defendants PLEASANTON, REIMER, TAJAGUE, DET. WILSON, OFFICER STEVE
23 AYERS, and DOES 1-50)

24      28.     Plaintiffs incorporate by reference all of the preceding paragraphs as though set
25 forth fully herein.

26      29.     Plaintiffs are informed that, as to Defendants REIMER, TAJAGUE, WILSON,
27 AYERS, and DOES 1-50, and each of them, was acting pursuant to official, *de facto* policies
28 and in concert with one another when they injured Plaintiffs; each acted in concert with the co-

*Hall, et al., v. Pleasanton, et al.*
COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF     - 5 -

P001COMP

1  defendants, with the shared objective to injure Plaintiffs.  Violations included but were not
2  limited to the following:
3        A.      The right to be free from excessive/unnecessary force;
4        B.      Right not to be deprived of property without Due Process of law;
5        C.      Right to be free from unreasonable searches and seizures;
6        D.      Right to be free from pre-trial punishment; and,
7        E.      Right to Equal Protection of the Law.
8      30.    Said rights are substantive guarantees under the Fourth and/or Fourteenth
9  Amendments to the United States Constitution.
10      WHEREFORE, Plaintiffs pray for relief as set forth below.
11  **SECOND CAUSE OF ACTION**
12  42 USC §§ 1983, 1985-1986
13  (Against Defendants Pleasanton, Spiller, Sgt. Reimer, and Does 1-50)
14      31.    Plaintiffs incorporate by reference all of the preceding paragraphs as though set
15  forth fully herein.
16      32.    Plaintiffs are informed that Defendants Pleasanton, Spiller, Sgt. Reimer, and
17  Does 1-50, and each of them, ratified and condoned the conduct of other named Defendants
18  and that the supervisory defendants set the official policies, customs, and practices for the PPD
19  that were the moving force behind Plaintiff's constitutional injuries.  The conduct by Defendants
20  and each of them, violated Plaintiffs' rights under the Bill of Rights to the United States
21  Constitution, including but not limited to the Fourth and Fourteenth Amendments.  Defendants
22  Pleasanton, Spiller, Sgt. Reimer, and Does 1-50, through deliberate indifference, tacitly or
23  expressly authorized, ratified, condoned, approved, the conduct of their co-defendants.
24      33.    Plaintiffs are informed and believe that the tortious conduct described herein was
25  known at the time by these defendants to violate of Plaintiffs' constitutional rights.
26      34.    The injuries to Plaintiffs were the foreseeable and proximate result of said
27  customs, practices, policies, and patterns within the PPD.  Plaintiffs are informed and believe
28  that Defendants conspired for the purpose of depriving Plaintiffs of their rights, and that

1  Plaintiffs suffered constitutional deprivations as a result of this unlawful conspiracy.
2       35.    The aforementioned customs, practices, policies, and patterns within
3  Pleasanton, Spiller, Sgt. Reimer, and Does 1-50, and each of them, and the failures to
4  supervise, train, hire, and/or discipline, resulted in the deprivations of Plaintiffs' rights, including
5  but not limited to the following:
6       a.    The right to be free from excessive/unnecessary force;
7       b.    Right not to be deprived of property without Due Process of law;
8       c.    Right to be free from unreasonable searches and seizures;
9       d.    Right to be free from pre-trial punishment; and,
10      e.    Right to Equal Protection of the Law.
11      WHEREFORE, Plaintiffs pray for relief as set forth below.

12                                              **PRAYER**

13      a.    Compensatory damages according to proof;
14      b.    General damages according to proof;
15      c.    Punitive and exemplary damages, as to the individually-named defendants, only;
16      d.    For costs of suit and for reasonable attorneys' fees under, *inter alia,* 42 USC
17  section 1988;
18      e.    For pre-judgment and post-judgment interest;
19      f.    For an order requiring Defendants, all persons acting on behalf of Defendants,
20  and each of them, to do the following:
21           1.   To stop all harassing acts aimed at Plaintiffs;
22           2.   To retrain each of the individually-named defendants regarding the
23               proper use of authority and force;
24           3.   To unseal each and every warrant and/or warrant affidavit pertaining to
25               the Hall family home and/or the Hall family in order to prevent future
26               abuse or harm;
27           4.   To cease using unnecessary warrants or excessive searches in police
28               work; and,

        5.    To terminate all of the individually-named defendants with a history of committing similar acts.

    g.    Such other and further relief as the Court deems just and proper.

Date: April 1, 2015

              */s/ Russell A. Robinson*
By:    Russell A. Robinson
Law Office of Russell A. Robinson
Counsel for Plaintiffs
**LESLIE ANNE HALL, minor PARKER HALL, minor RILEY HALL, and CODY HALL**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial, as is their right.

Date: April 1, 2015

              */s/ Russell A. Robinson*
By:    Russell A. Robinson
Law Office of Russell A. Robinson
Counsel for Plaintiffs
**LESLIE ANNE HALL, minor PARKER HALL, minor RILEY HALL, and CODY HALL**

*Hall, et al., v. Pleasanton, et al.*
COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF    - 8 -    P001COMP