Russell A. Robinson (163937)
Law Office of Russell A. Robinson
345 Grove Street, Level One
San Francisco CA 94102
Telephone:   415.861.4416
Facsimile:    415.431.4526
rlaw345@gmail.com

Counsel for Plaintiffs
**LESLIE ANNE HALL, et al.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE ANNE HALL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PLEASANTON, CHIEF OF POLICE DAVE SPILLER, SGT. MARK REIMER, OFFICER RYAN TUJAGUE (#245), DET. WILSON (#201), OFFICER STEVE AYERS (#262), and, DOES 1-50, <br><br> Defendants. | No.   15-CV-1546-YGR <br><br> **AMENDED COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF** <br> **[Jury Trial Demanded]** |

**JURISDICTION AND VENUE**

1.   This action arises under 42 USC § 1983.  Jurisdiction is based on 28 USC §§1331 and 1343.

2.   The claims alleged below arose in and around the City of Pleasanton, State of California. Therefore, venue and assignment are proper in the United States District Court for the Northern District of California, San Francisco Division, under 28 USC §1391(b)(2).

**PARTIES**

3.   Plaintiff LESLIE ANNE HALL is an adult, female resident of the City of Pleasanton, and citizen of the United States of America.  Plaintiffs PARKER HALL and RILEY HALL, minors, reside with their mother and Guardian Ad Litem, Leslie Anne Hall, and are citizens of the United States.  Plaintiff CODY HALL was, at most times relevant to this action, a

1 resident of the City of Pleasanton.

2     4. Plaintiffs are informed and believe that Defendant CITY OF PLEASANTON is
3 and has been, a municipal corporation organized and existing under the laws of the State of
4 California. One of Defendant Pleasanton's divisions is the Pleasanton Police Department.

5     5. Defendant DAVE SPILLER is, at all relevant times has been, the Chief of Police
6 for the City of Pleasanton. Defendant Spiller is sued in his individual and official capacities. At
7 all relevant times, Plaintiff is informed and believes that Defendant Spiller has been the official
8 policy-maker for Pleasanton on matters related to customs, practices, and policies of the
9 Pleasanton Police Department (PPD), including but not limited to hiring, training, supervision,
10 and discipline of officers under his command, and with respect to the management and
11 supervision of the PPD.

12     6. Defendant SGT. MARK REIMER, sued individually and in his official capacity,
13 was present at relevant times during the events described below, and knew or should have
14 known that the actions by persons under his supervision were unlawful. OFFICER RYAN
15 TUJAGUE (#245), also sued individually and in official capacity, was the employee of the PPD
16 who obtained the unlawful warrant and admitted on July 2, 2013, to executing that warrant on
17 June 20, 2013. Defendants DET. WILSON (#201) and OFFICER STEVE AYERS, (#262), also
18 sued individually and in official capacity, were present during the search and participated in
19 seizing evidence that was unrelated to the crimes of which Cody Hall was accused. They knew
20 or should have known, that the scope of the search as well as the warrant were in fact unlawful.

21     7. Plaintiffs are informed and believe that at all relevant times Defendants DOES 1-
22 50 have been officers with the PPD. Each is sued in individual and official capacities.

23     8. Plaintiffs are ignorant of the identities of Defendants DOES 1 though 50, and
24 therefore sue such defendants as fictitiously named persons/entities, whose true identities and
25 roles in the events which are the subject matter of this complaint, are presently unknown to
26 Plaintiffs. Plaintiffs will amend this complaint to identify fictitiously named Defendants and to set
27 forth facts relating to each when same become known to Plaintiffs. Plaintiffs are informed and
28 believe and thereon allege that each DOE Defendant is legally responsible for events alleged

*Hall, et al., v. Pleasanton, et al.*
AMENDED COMPLAINT FOR DAMAGES
AND FOR INJUNCTIVE RELIEF    - 2 -
P001A.LH

herein which caused injury and damage to Plaintiffs.

9. In doing the acts or omissions alleged, the defendants and each of them were acting in the course and scope of their employment with the City of Pleasanton.

10. In doing the acts or omissions alleged, the defendants acted under color of authority and/or under color of law.

11. In doing the acts or omissions alleged, each of the defendants acted as the agent, servant, employee, and/or in concert with each of the other Defendants herein.

**FACTS**

12. Plaintiffs are informed and believe that Defendants named in paragraphs 6 through 11 above, individually or acting in concert, engaged in repeated acts of harassment, police misconduct, and constitutionally-destructive conduct against persons residing in or traveling to or visiting the City of Pleasanton. These repeated acts, part of a pattern and practice, did in fact lead to the constitutional deprivations complained of herein.

13. Plaintiffs are informed and believe that said civil rights violations and or other acts of misconduct included false arrests, false warrants, unreasonable searches and seizures, intimidation, falsifying reports, planting of evidence, denial of due process and equal protection of laws, conspiracy to violate civil rights, and/or other misconduct.

14. As a result, Plaintiffs and others like them were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants named herein.

15. Plaintiffs are informed and believe that Defendant Spiller and other high-ranking members of the PPD repeatedly failed to take remedial or corrective action despite the pervasive and ongoing malfeasance within the PPD.

16. Plaintiffs are informed and believe that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of ordinary citizens – defendant Pleasanton has long allowed Plaintiffs and others similarly situated to be abused by officers of the PPD, including but not limited to those defendants named above.

17. Plaintiffs are informed and believe that the culture of tolerance which existed and may still exist at the PPD is rooted in the deliberate indifference of high-ranking City officials,

including SPILLER and DOES 1-50, inclusive, and/or other persons within the PPD's hierarchy. Plaintiffs are informed and believe that as a result of the above facts, they suffered the violation of constitutional rights because of the customs, practices, policies, and patterns within the PPD, including but not limited to a deliberate indifference in hiring, training, supervision, and discipline of the PPD and the defendants named above.

18. Plaintiffs are informed and believe that despite notice of repeated constitutional violations being perpetrated by employees of the PPD, Defendants Spiller, Does 1–50, and each of them failed to take appropriate action.

19. Plaintiffs are informed and believe that as a direct, legal, and proximate result of the acts and omissions alleged above, Plaintiffs suffered the loss of their constitutional rights and suffered grievous injuries. The losses and injuries were caused, in part, by unconstitutional yet official, de facto customs, policies, practices, and patterns, which were the moving force behind causing Plaintiffs' injuries. These policies included but were not limited to the so-called "Code of Silence," failure to take remedial actions, tacit or express ratification (condoning) of the unlawful acts, and similar conduct by Spiller, Reimer, Tujague, Does 1-50, and each of them. Plaintiffs are informed and believe that unlawful conduct was condoned, encouraged, approved, and/or ratified by Defendants Spiller, Reimer, Does 1-50, and each of them.

20. Plaintiffs are informed and believe that as a result of the above facts, they suffered the violation of constitutional rights and were injured.

**SPECIFIC FACTS**

21. On June 9, 2013, Cody Hall was involved in a fatal motor vehicle collision.

22. Allegations against Cody were that he was speeding, texting while driving, and that his distraction was a cause of the collision. Tested shortly after the collision, Cody was found not to be intoxicated or under the influence of any medications/drugs. The June 9, 2013, accident was an unfortunate and tragic event resulting in a woman's death.

23. On information and belief, Defendants named herein obtained a warrant under false pretenses and stormed the Hall residence of June 20, 1993, on Echo Court in Pleasanton. Plaintiffs are informed that to obtain the search warrant of Plaintiffs' home, Defendants

misrepresented other motor vehicle accidents as involving Cody (when these accidents did not) and in fact used un-related information and photographs posted on social media web-sites by third parties as falsely related to Cody. Using the warrant obtained under false pretenses by Tujague, Defendants essentially forced their way into Plaintiffs' home, searched areas of the home they admitted had not connection with Cody, seized property unrelated to Cody's motor vehicle collision and the "crimes" committed June 9, 2013, and seized relatively benign but highly personal property of all plaintiffs named herein as well as Aaron Hall.

24. After searching Cody, who was home that day, and all of the areas to which Cody had access, Defendants exceeded the permissible scope of the warrant and notions of fairness and probable cause, and eventually forced open a safe in the homes garage.

A. Defendants admitted at the time they searched the home, and thereafter, that they believed the safe was not something to which Cody had access; in fact, they admitted at the time that they knew the safe belonged to Cody's father, Aaron Hall. One or more of the PPD employees recognized that the safe was not within the area to be searched yet they all failed to intervene. In waiting for other City employees to arrive before the safe was forced open, the defendants had long finished searching the Hall Family's home.

B. In fact, given Cody's relative age (born August 22, 1994), he was only 18-years-old at the time of the search on June 20, 2013, search; thus, these defendants knew or should have known that the safe they intended to search was not Cody's safe. This is particularly true in view of the fact that Cody was alone on June 9, 2013, when he was involved in the fatal collision mentioned above, and was not in possession of contraband that date.

25. Before they forced open the safe, Defendants allowed Cody to leave the family home, again admitting that nothing they found prior to that point linked to Cody. The PPD linked nothing in the safe to Cody; and, Defendant Reimer publicly announced that the things taken on June 20, 2013, from the Hall family home were not linked to Cody Hall.

26. Plaintiffs are informed and believe that Defendant Tujague had unlawfully obtained a warrant through false pretenses, false statements, or material omissions. He knew, for example, that Cody was not under the influence at the time of the fatal collision; and, that

Cody was alone at that time on June 9 2013. Yet, on about June 20, 2013, Defendants unlawfully searched the Hall family home as alleged above.

27. Among items unlawfully seized by the defendants on June 20, 2013, were video, irreplaceable family photos belonging to all the plaintiffs (Leslie, her two minor children, as well as Aaron Hall), home security systems, and related electronic items and data. Cody Hall was convicted of vehicular manslaughter in May 2014; Aaron Hall was convicted of California Penal Code section 29800(a)(1) on July 9, 2014. Despite claiming in his warrant affidavit that property seized that was not used for any criminal prosecution *would be promptly* returned, Tusjague failed to return any of the subject property; Plaintiffs, through Aaron Hall, were thus forced to file multiple motions with the Alameda County Superior Court.

A. The initial motion Aaron filed was continued from September 2014 to October 31, 2014; that motion was granted but the PPD refused to return the Hall Family's property. Aaron was thus forced to file another motion, which was granted after a request for contempt as to the PPD and Defendant spiller was sought.

B After the PPD and Spiller repeatedly refused to return the Halls' property (Spiller was personally named in the request for contempt and served with the contempt papers), repeated motions and court appearances finally resulted ni the Hall Family's property being returned in late May 2015. Among the items returned were Aaron Hall's electronic equipment and photographs belonging to all Plaintiffs. Defendants knew, or should have known, that these items were not "contraband" because they admitted to searching the electronic equipment and reviewing each of the photographs during the pendency of both criminal actions. The motions for release of the property, granted over opposition from the City of Pleasanton, were required and damaged the plaintiffs.

/ / /

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### 42 USC §1983

(Against Defendants PLEASANTON, REIMER, TUJAGUE, DET. WILSON, OFFICER STEVE AYERS, and DOES 1-50)

28. Plaintiffs incorporate by reference all of the preceding paragraphs as though set forth fully herein.

29. Plaintiffs are informed that, as to Defendants REIMER, TUJAGUE, WILSON, AYERS, and DOES 1-50, and each of them, was acting pursuant to official, de facto policies and in concert with one another when they injured Plaintiffs; each acted in concert with the co-defendants, with the shared objective to injure Plaintiffs. Violations included but were not limited to the following:

   A. The right to be free from excessive/unnecessary force. Cody was involved in a non-drug related motor vehicle collision far away from the family home, yet the defendants here used great force in prying open the safe belonging to Aaron Hall. Once opened, Defendants "high-fived" each other and expressed almost gleeful satisfaction;

   B. Right not to be deprived of property without Due Process of law, in that the property unlawfully seized and retained belonged to all four Plaintiffs and to Aaron Hall as well;

   C. Right to be free from unreasonable searches and seizures, in that the warrant and resulting search of the entire Hall home and a locked safe for Cody's single vehicle, non-drug/alcohol accident far exceeded the scope of reasonable;

   D. Right to be free from pre-trial punishment; and,

   E. Right to Equal Protection of the Law.

30. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as set forth below.

/ / /

## SECOND CAUSE OF ACTION

## 42 USC §1983

(Against Defendants Pleasanton, Spiller, Sgt. Reimer, and Does 1-50)

31. Plaintiffs incorporate by reference all of the preceding paragraphs as though set forth fully herein.

32. Plaintiffs are informed that Defendants Pleasanton, Spiller, Sgt. Reimer, and Does 1-50, and each of them, ratified and condoned the conduct of other named Defendants and that the supervisory defendants set the official policies, customs, and practices for the PPD that were the moving force behind Plaintiff's constitutional injuries. The conduct by Defendants and each of them, violated Plaintiffs' rights under the Bill of Rights to the United States Constitution, including but not limited to the Fourth and Fourteenth Amendments. Defendants Pleasanton, Spiller, Sgt. Reimer, and Does 1-50, through deliberate indifference, tacitly or expressly authorized, ratified, condoned, approved, the conduct of their co-defendants. Spiller took a personal role in these events when he was served with the Court order(s) for release of the Hall property and refused to permit its release; he then further resisted the lawful release of property when he was served with the request for contempt directed to him personally and continued to force Plaintiffs to incur legal expenses and he caused further delay of the property release order by the Alameda County Superior Court.

33. Plaintiffs are informed and believe that the tortious conduct described herein was known at the time by these defendants to violate of Plaintiffs' constitutional rights.

34. The injuries to Plaintiffs were the foreseeable and proximate result of said customs, practices, policies, and patterns within the PPD. Plaintiffs are informed and believe that Defendants conspired for the purpose of depriving Plaintiffs of their rights, and that Plaintiffs suffered constitutional deprivations as a result of this unlawful conspiracy.

35. The aforementioned customs, practices, policies, and patterns within Pleasanton, Spiller, Sgt. Reimer, and Does 1-50, and each of them, and the failures to supervise, train, hire, and/or discipline, resulted in the deprivations of Plaintiffs' rights, including but not limited to the following:

      a.      The right to be free from excessive/unnecessary force;

      b.      Right not to be deprived of property without Due Process of law;

      c.      Right to be free from unreasonable searches and seizures;

      d.      Right to be free from pre-trial punishment; and,

      e.      Right to Equal Protection of the Law.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**PRAYER**

a.    Compensatory damages according to proof;

b.    General damages according to proof;

c.    Punitive and exemplary damages, as to the individually-named defendants, only;

d.    For costs of suit and for reasonable attorneys' fees under, inter alia, 42 USC section 1988;

e.    For pre-judgment and post-judgment interest;

f.    For an order requiring Defendants, all persons acting on behalf of Defendants, and each of them, to do the following:

    1.    To stop all harassing acts aimed at Plaintiffs;

    2.    To retrain each of the individually-named defendants regarding the proper use of authority and force;

    3.    To unseal each and every warrant and/or warrant affidavit pertaining to the Hall family home and/or the Hall family in order to prevent future abuse or harm;

    4.    To cease using unnecessary warrants or excessive searches in police work; and,

    5.    To terminate all of the individually-named defendants with a history of committing similar acts.

/ / /

*Hall, et al., v. Pleasanton, et al.*
AMENDED COMPLAINT FOR DAMAGES
AND FOR INJUNCTIVE RELIEF     - 9 -    P001A.LH

g. Such other and further relief as the Court deems just and proper.

Date: September 16, 2015         _____Russell A. Robinson /s/_____
                                 By:    Russell A. Robinson
                                 Law Office of Russell A. Robinson
                                 Counsel for Plaintiffs
                                 **LESLIE ANNE HALL, et al.**

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in this action.

Date: September 16, 2015         _____Russell A. Robinson /s/_____
                                 By:    Russell A. Robinson
                                 Law Office of Russell A. Robinson
                                 Counsel for Plaintiffs
                                 **LESLIE ANNE HALL, et al.**